United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) ) ) |
| Alexandra Acosta, Defendant. | ) ) |

Criminal Case No. 23-60170-CR-Scola

### Court's Instructions to the Jury

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The superseding indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The

1

Defendant does not have to prove her innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to

you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Since the Defendant testified, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his or her testimony.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail. A defendant has a right not to testify.

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that are not directly related to the charged offenses. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment, the Defendant had a motive or the opportunity to commit the acts charged in the superseding indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant committed the acts charged in the superseding indictment by accident or mistake.

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crimes charged in the superseding indictment. You may not convict a person simply because you

believe that person may have committed an act in the past that is not charged in the superseding indictment.

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Introduction to Offense Instructions**

The superseding indictment charges 4 separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the superseding indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired to defraud the United States by submitting false information to the Small Business Administration in relation to a Paycheck Protection Program loan.

Counts 2–4 charge that Defendant committed what are called "substantive offenses," specifically that the Defendant made or caused to be made false statements to the Small Business Administration and that the Defendant committed wire fraud. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendant is not charged in Count 1 with committing a substantive offense – she is charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the superseding <u>indictment</u> may allege the

7

multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

### Knowingly; Willfully – General

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that her conduct may be violating.

### On or About a Particular Date

You will see that the superseding indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

Each count of the superseding indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If

you find the defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the defendant is on trial only for the specific crimes charged in the superseding indictment. You are here to determine from the evidence in this case whether the defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the defendant is guilty or not guilty. If you find the defendant guilty, the punishment is for the Judge alone to decide later.

## General Conspiracy Charge

It is a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the superseding indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the superseding indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the superseding indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. A person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

## False Statements to the SBA

It is a Federal crime to knowingly make any false statement for the purpose of obtaining a loan from the U.S. Small Business Administration ("SBA") or for the purpose of influencing the action of the SBA in any way. The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the defendant knowingly made any false statement; and

(2) the false statement was for the purpose of obtaining for herself or for any applicant any loan or for the purpose of influencing in any way the action of the SBA.

A statement is "false" if it is untrue when made, and the person making it knows it is untrue.

## Wire Fraud

It is a federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the superseding indictment about the precise nature and purpose of the scheme. It also does not have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

## Deliberate Ignorance as Proof of Knowledge

If a defendant's knowledge of a fact is an essential part of a crime, it is enough that the defendant was aware of a high probability that the fact existed—unless the defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge"—which is the equivalent of knowledge—occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew about the scheme to defraud or false statements if you determine beyond a reasonable doubt that the defendant (1) actually knew about the scheme to defraud or false statements, or (2) had every reason to know but deliberately closed her eyes.

But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that the defendant knew about the scheme to defraud or the false statements.

16

## Aiding and Abetting; Agency

It is possible to prove the defendant guilty of a crime even without evidence that the defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A defendant "aids and abets" a person if the defendant intentionally joins with the person to commit a crime.

A defendant is criminally responsible for the acts of another person if the defendant aids and abets the other person. A defendant is also responsible if the defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a defendant is criminally responsible for the acts of another person requires proof that the defendant intentionally associated with or participated in the crime – not just proof that the defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

### Good-Faith Defense to Willfulness

As I explained earlier as part of the instructions on conspiracy, the Government must prove that the Defendant "willfully" joined the conspiracy. Good-Faith is a complete defense to the conspiracy count since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of that charge. If the Defendant acted in good faith in her interactions with Vilsaint St. Louis, then the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully in joining the conspiracy.

If you find beyond a reasonable doubt that the Defendant specifically intended to join the conspiracy to make false statements to the SBA, then the element of "willfulness" is satisfied.

This instruction only applies to count one of the superseding indictment.

**Good-Faith Defense**

"Good faith" is a complete defense to count four of wire fraud since that crime requires intent to defraud. A defendant is not required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can not establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed does not constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

This instruction only applies to count four.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me, and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.