UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60170-CR-SCOLA

UNITED STATES OF AMERICA

vs.

ALEXANDRA ACOSTA,

        **Defendant.**
_____/

## UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

Respect for the law. General deterrence. Public trust. These should be the focus of Defendant Alexandra Acosta's sentencing. There is no dispute that Acosta had a good career, excelled in her work on many occasions, and has a family that she cares for and likewise cares for her. But nearly all defendants come to sentencing with the unfortunate circumstance of hurting their family members by being separated by incarceration—a result of *their own conduct*. Here, it is Acosta who is responsible now for the position she is in and the position she put her family in. Acosta has lied multiple times before, during, and after her crime—including while under oath at trial.

Respect for the law. General deterrence. Public trust. These are the basis for the undersigned's recommendation of a low-middle-of-the-guidelines term of incarceration of 10 months.

**18 U.S.C. § 3553(a)**

    A.    *Deterrence and Respect for the Law*

While specific deterrence may be accomplished by the conviction and the attendant loss of Acosta's career in law enforcement, general deterrence and respect for the law require more. Indeed, the substantial outlay in resources needed to catch one fraud, no matter the loss amount, warrants harsher punishments than those necessary to specifically deter a defendant from future conduct. The public needs to have an unwavering respect for the law created by serious punishments for criminal conduct. And, here, where the Defendant was someone who held a position of power and trust in the community—a position that had her *enforcing* the laws—it is imperative that society sees her punished with equal application of the law.

    B.    *Nature of the Offense*

This is a serious offense. The PPP was a lifeline to failing businesses affected by a once-in-a-century public health crisis. For every fraudulent loan extracted from the government, there is a real business on the other end that could not get that money. In fact, that reality is so serious that this Court excluded it from the jury's consideration.

Moreover, frauds in general take a tremendous outlay of resources to prosecute—especially at trial requiring out-of-state witnesses. Indeed, the total loss amounts rarely diminish the amount of work that goes into investigating and prosecuting a fraud case. Here, Acosta's relatively lower $20,180 loss

amount weighs only in her favor in that it mitigates the level of greed attributable to the crime.

    C.    *Similarly Situated Defendants*

To date, the United States has charged 21 other Broward County Sheriff's (BSO) deputies and firefighters. Three have been tried (including Acosta)—two found guilty by juries and one scheduled for retrial. The remainder have pleaded guilty (or are proceeding by information) and have either been sentenced or are awaiting sentencing. Below is a chart of the sentenced BSO defendants, as of the date of this filing, for this Court's reference. The chart is organized by length of sentence.

| Case No. | Plea or Trial | Loss Amount | Sentence |
|---|---|---|---|
| 23-60203-CR-Bloom (Cohn) | **Trial** | **$31,108** | **7 months' imprisonment, 3 years' supervised release, $2,000 fine.** |
| 24-60003-CR-Williams | Plea | $168,248.41 | 10 months' home confinement, 5 years' supervised release, $5,500 fine, and 500 hours of community service |
| 23-60193-CR-Huck | Plea | $42,052.13 | 5 years' probation, 8 months' home confinement |
| 23-60172-CR-Martinez | Plea | $33,607 | 5 years' probation |
| 23-60182-CR-WPD | Plea | $44,839 | 3 years' supervised release with 6 months' home confinement |
| 23-60171-CR-Bloom | Plea | $61,978.66 | Time served, 3 years' supervised release, 6 months' home confinement |

3

| 23-60169-CR-Altman | Plea | $43,985 | 3 years' probation with 60 days home confinement |
| 23-60191-CR-Bloom | Plea | $20,832 | 2 years' probation |
| 23-60185-CR-Moore | Plea | $18,792.98 | 2 years' probation |
| 23-60189-CR-Moore | Plea | $20,810 | 2 years' probation |
| 23-60184-CR-Altman | Plea | $18,332 | 2 years' probation |
| 23-60174-CR-Williams | Plea | $19,790 | 1 year probation and 100 hours community service |
| 23-80168-CR-Cannon | Plea | $20,380 | 1 year probation and $5,000 fine |
| 23-60197-CR-Smith | Plea | $36,040 | 1 year probation |
| 23-60192-CR-Gayles | Plea | $20,832 | 1 year probation |

Acosta's sentence should be considered in context of the other similarly situated BSO deputy found guilty by a jury of her peers and sentenced to seven months' imprisonment by Senior District Judge Cohn. Notably, in that case, there was no enhancement for obstruction. Thus, here, the current recommendation for 10 months' incarceration accounts for this distinction. And the Court should consider the erosion of the benefit to those that plead guilty, quickly, or otherwise, if it varies downward for Acosta following a trial where she lied on the stand.

D. *History and Characteristics*

Acosta's guidelines are reduced because of her zero criminal history status under USSG §4C1.1. This is important to keep in mind for context when

4

considering a sentence in correlation with the history and characteristics of a defendant because §4C1.1 has effectively baked a portion of that 3553(a) factor into the reduced calculated guidelines. Otherwise, the United States does not contest that Acosta served as public servant for many years and has letters of support and a family.

The real issue is that it is Acosta's position of public trust that requires more accountability. Acosta knew better when she committed the crimes. Acosta knew better when she withheld material information from the United States at her proffer. Acosta knew better when she lied under oath to the jury.

Accordingly, the recommended sentence of 10 months' incarceration is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).

          Respectfully submitted,

          MARKENZY LAPOINTE
          UNITED STATES ATTORNEY

BY:     **Trevor C. Jones**
          TREVOR C. JONES
          Assistant United States Attorney
          Fla. Bar No. 0092793
          500 E. Broward Blvd., 7th Floor
          Fort Lauderdale, Florida 33394
          Tel: (786) 564-9109
          Trevor.Jones@usdoj.gov